[Civ. No. 9716. First Appellate District, Division One.—November 12, 1935.]

GEORGE JOHNSON, Appellant, v. JACK DU FOUR, Respondent.

James A. Myers and Henry F. Edson for Appellant.

Charles V. Barfield for Respondent.

TYLER, P. J.—Action for damages for personal injuries growing out of an automobile accident. Plaintiff alleged negligence on the part of defendant in the operation of his car. Defendant denied negligence and alleged that plaintiff himself was negligent and that such negligence contributed to the injury. The accident occurred on the northeast corner of the intersection of Broadway and Eighth Street in the city of Oakland. A jury rendered a verdict in favor of defendant. Thereafter plaintiff moved for a new trial upon various grounds. The motion was denied. Alleged errors relied upon for a reversal are insufficiency of the evidence to justify the verdict, error of the trial court in the admis-

sion of certain evidence and in failing to grant a new trial on the ground of newly discovered evidence.

There was evidence to show that defendant was driving his automobile over Eighth Street and Broadway, a business district in the city of Oakland, at a speed estimated at fifteen miles an hour. Defendant first noticed plaintiff when he was walking fast or running slowly in a tangent toward the northwest, about twenty-five feet from the pedestrian lane and seven feet in front of his car. Defendant, on seeing plaintiff, immediately applied his brakes and turned his car to the right in an unsuccessful attempt to avoid striking plaintiff who had continued following the course taken when defendant first observed him. There was introduced in evidence an ordinance of the city of Oakland governing a pedestrian's right to use the roadway to the effect that when within any business district a pedestrian shall not cross a roadway other than by a crosswalk. There was also evidence to the effect that plaintiff had been drinking, his breath being alcoholic. The evidence taken as a whole is sufficient to support the implied finding that plaintiff's own negligence proximately contributed to or caused the injury complained of.

In support of the claim that irregularity in the proceedings prevented plaintiff from having a fair trial, it is claimed that the court committed error in receiving evidence concerning the manner in which plaintiff had suffered an injury to his thyroid gland. The purpose of the question was to show that one of the ill effects alleged to have been suffered by plaintiff was due to this injury and was not caused by the accident. Plaintiff volunteered the statement that it was due to a love affair, having been inflicted by his friend for stealing the affections of his lady friend. It is claimed that this fact had no bearing on the case and tended only to prejudice the minds of the jurors. The answer of plaintiff was not responsive to the question propounded and was volunteered by him. The judge instructed the jury that its consideration of the evidence was confined to the issue of the ill effects of the accident to plaintiff's throat. No motion was made to strike the answer from the record. There is no merit in the objection.

And finally, appellant contends that the trial court erred in not granting his motion for a new trial on the ground of newly discovered evidence. This evidence related to the

manner in which the accident happened. The evidence was known to plaintiff prior to the commencement of the action and no good reason was shown why the witness could not have been produced at the trial. Moreover, no application for a continuance was made in order to procure this testimony.

The judgment is affirmed.

Cashin, J., and Knight, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on December 12, 1935, and an application by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on January 10, 1936.